**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Yu Wang, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:26-cv-00032 |
| | ) |
| v. | ) Judge: Thomas M. Durkin |
| | ) |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | ) Magistrate Judge Jeannice W. Appenteng |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

**NOW COMES** Yu Wang ("Plaintiff"), by and through Plaintiff's undesigned counsel, submits this Memorandum in support of this *Ex Parte* Motion for leave to conduct expedited discovery (the "*Ex Parte* Motion").

### I. INTRODUCTION

Plaintiff brings this action against the Defendants identified on Schedule A ("Defendants") for Trademark Infringement (Count I). As alleged in the Complaint, Defendants' unauthorized use of the Plaintiff's Marks in connection with the advertising, distribution, offering for sale, and sale of counterfeit products, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff. True and correct copy of screenshots printouts showing the infringement by the Defendants are attached hereto as **Exhibit 2-7**. Additionally, Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling infringing Products, through at least one fully interactive commercial internet website (the "Defendant Internet Store"). Defendants' unauthorized conducts are done with the intent to generate

profits by infringing and trading off Plaintiff's valuable rights.

The Defendants have created at least one Defendant Internet Store and designed it to appear to be selling authorized products, while actually selling unauthorized and unlicensed Infringing Products to unknowing consumers. Defendants attempt to avoid liability by concealing both its identity and the full scope of its piracy operation. Plaintiff has filed this action to combat Defendants' infringement of Plaintiff's registered trademark, as well as to protect unknowing consumers from purchasing Infringing Products over the internet.

II. **ARGUMENT**

Specifically, Plaintiff seeks an order to authorize expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of infringing Products and Defendants' financial accounts.

Considering the covert nature of offshore infringing activities and the vital need to establish an economic disincentive for infringement, courts regularly grant leave for expedited discovery. *See, e.g., David Lozeau v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 25-cv-02975 (N.D. Ill. Mar. 24, 2025); *Howard Robinson v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 25-cv-4099 (N.D. Ill. Apr. 17, 2025).

Discovery of Defendants' financial accounts and email addresses is necessary so that Defendant can be served with notice to conserve judicial resources and proceed to the merits of this case. Additionally, expedited discovery for Defendants' financial account information is also proper since Plaintiff may seek an equitable remedy in the accounting of Defendants' profits pursuant to 15 U.S.C. § 1117(a).

### A. Plaintiff is Entitled to Expedited Discovery

The Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Id*. (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. See Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

As described above, Defendants are using third-party payment processors, which helps to increase their anonymity by interposing a third party between the consumers and the Defendants. Plaintiff respectfully requests expedited discovery to discover email, bank, and payment system accounts Defendants use for its infringing sales operations. The discovery requested on an expedited basis in Plaintiff's Proposed Order has been limited to include only what is essential to advance this litigation. Discovery of these financial accounts and email addresses is necessary so that Defendants can be served with notice to conserve judicial resources and proceed to the merits of this case.

Plaintiff's counsel is aware that the same third-party payment processors, in previous lawsuits, have worked with trademark owners and is not aware of any reason that Defendants or third parties cannot comply with these expedited discovery requests without undue burden. Further, all relevant third parties have in fact complied with identical requests in previous similar cases. More importantly, because Defendants have

engaged in deceptive practices in hiding its identity and accounts, Plaintiff will be unable to properly serve Defendants without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

### III. CONCLUSION

Plaintiff's business continues to be irreparably harmed by Defendants' business enterprise based on infringement of the Plaintiff Marks. Without entry of the requested relief, Defendants' infringement of the Plaintiff's trademarks in connection with the making, using, offering to sell, selling, or importing of the infringing products will continue to irreparably harm Plaintiff. Therefore, entry of an *ex parte* order is necessary. In view of the foregoing, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order in the form submitted herewith.

Dated: January 7, 2026

Respectfully submitted,

/s/Wengang He
1450 E 55th Pl,
Chicago, IL 60637
Illinois Bar No. 6289708
custoslex@gmail.com
Phone: (858)2498706

*Counsel for Plaintiff*